1
2
3
4
5
6
7
8           UNITED STATES DISTRICT COURT
9          SOUTHERN DISTRICT OF CALIFORNIA
10

11   LIGIA VIOLETA PEREZ CRUZ,               Case No.:  3:26-cv-00034-CAB-DEB

12                          Plaintiff,       **ORDER DENYING MOTION FOR**
                                             **TEMPORARY RESTRAINING**
13   v.                                      **ORDER**

14   PAMELA BONDI, et al.,
                                             [Doc. No. 3.]
15                         Defendants.

16

17        Plaintiff Ligia Violeta Perez Cruz filed a complaint for declaratory and injunctive

18   relief under the Administrative Procedure Act ("APA") and the Fifth Amendment based

19   on her belief that she may be detained at her upcoming adjustment of status interview with

20   United States Citizenship and Immigration Services ("USCIS") on January 14, 2026.

21   [Doc. No. 1 ("Compl.").]   Plaintiff additionally filed a motion for an *ex parte* emergency

22   temporary restraining order and order to show cause regarding a preliminary injunction.

23   [Doc. No. 3 ("TRO").]  Plaintiff "seeks a TRO enjoining [Defendants] from detaining her,

24   removing her, and for her release from [Immigration and Customs Enforcement ('ICE')]

25   custody."  [TRO at 3.]  For the following reasons, the Court **DENIES** the motion for an *ex*

26   *parte* TRO.

27        A TRO, like all injunctive relief, "is an extraordinary remedy never awarded as of

28   right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).  The legal standard

3:26-cv-00034-CAB-DEB

for issuing a TRO is essentially identical to the standard for issuing a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Plaintiffs must meet either the *Winter* test or the Ninth Circuit's "serious questions" test. Under the *Winter* standard, a party must show that they are likely to succeed on the merits, that they are likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in their favor, and that an injunction is in the public interest. *Winter*, 555 U.S. at 20. Under the Ninth Circuit's "serious questions" test, a "sliding scale variant of the *Winter* test, if a plaintiff can only show that there are serious questions going to the merits—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the balance of hardships tips *sharply* in the plaintiff's favor, and the other two *Winter* factors are satisfied." *All. For the Wild Rockies v. Pena*, 865 F.3d 1211, 1217 (9th Cir. 2017) (internal quotation marks omitted) (emphasis in original).

Here, Plaintiff has not satisfied either test because she has not shown that she is "*likely* to suffer irreparable harm in the absence of preliminary relief[.]" *See Winter*, 555 U.S. at 20 (emphasis added). She asserts that "[t]he USCIS San Diego Field office has started the practice of referring Adjustment of Status Applicants under Section 245(a) of the INA, such as Plaintiff, to [ICE] in the middle of their interviews without finalizing adjudication of the case, resulting in detention." [TRO at 3.] Plaintiff asserts that *she* will be subject to this practice based on "reports from other immigration attorneys, the press articles describing clients in the same or similar situation as Plaintiff that were detained, and both the economic burdens and liberty violation if [she is] held in detention." [TRO at 8.] Beyond these general allegations, however, Plaintiff does not cite to any actual policies, practices, or individualized communications demonstrating that *she* is likely to be illegally detained at her upcoming interview. [*See generally* Doc. Nos. 1, 3.] Similarly, Plaintiff does not cite any final agency action to form the basis of a claim under the APA, which permits judicial review of *final* agency action. *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 882 (1990).

3:26-cv-00034-CAB-DEB

1    "Issuing a preliminary injunction based only on a possibility of irreparable harm is

2  inconsistent with [the] characterization of injunctive relief as an extraordinary remedy that

3  may only be awarded upon a clear showing that the plaintiff is entitled to such relief."

4  *Winter*, 555 U.S. at 22.  Thus, without more concrete or individualized facts about the

5  likelihood of Plaintiff's detention, the court will not enjoin Defendants based on

6  speculation.  Plaintiff's motion for an *ex parte* TRO is therefore **DENIED**.  Plaintiff may

7  pursue her underlying civil complaint by properly serving Defendants.

8    It is **SO ORDERED**.

9

10  Dated: January 7, 2026

11

12                              Hon. Cathy Ann Bencivengo

                               United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28